IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AMY PARTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. |
| ) | _____ |
| MIDLAND CREDIT ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Midland Credit Management, Inc. ("Midland") hereby removes this action to the United States District Court for the Middle District of Georgia, showing the Court as follows:

1. On or about July 22, 2014, Plaintiff filed their Complaint in the Magistrate Court of Peach County, Georgia, as Civil Action File No. 14-785CS ("Magistrate Court Action").

2. Defendant was served with summons and a copy of the Complaint through its registered agent, Corporation Service Company, on August 1, 2014.

3. This Notice of Removal is timely filed within 30 days of that service.

199190.1

4. This Court has jurisdiction of this action under 28 U.S.C. § 1331, federal question jurisdiction, in that the claims asserted by the Plaintiff arise under the Constitution, laws, or treaties of the United States, specifically the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The FDCPA provides that "an action to enforce any liability created by this title may be brought in any appropriate United States district court without regarding to the amount in controversy. . . ." 15 U.S.C. § 1692k(d). Thus, this court has original subject matter jurisdiction over this case. This Court also has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367.

5. This case may properly be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b). *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999) (actions brought in state court under the FDCPA are removable to the appropriate federal district court). The deadline for such removal is August 31, 2014.

6. No other defendants were named or served with the Complaint in the Magistrate Court Action; therefore, Midland is not required to obtain another's consent or joinder in this Notice of Removal.

7. Pursuant to 28 U.S.C. § 1446, Defendant has attached copies of all process, pleadings, orders, and other papers served in this action as **Exhibit A.**

8. Defendant is not required to file a removal bond.

9. As required by 28 U.S.C. § 1446, Defendant will give all parties written notice of the filing of this Notice of Removal, and will file a true and correct copy of it this date with the Clerk of the Magistrate Court of Peach County. *See* **Exhibit B.**

10. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleadings are expressly reserved.

WHEREFORE, Defendant prays that the above-captioned action be removed to the United States District Court for the Middle District of Georgia, Macon Division.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted this 29th day of August, 2014.

/s/ Matthew B. Ames
Matthew B. Ames
Georgia Bar No. 015898
E-mail: mames@balch.com
Joshua M. Moore
E-mail: jmmoore@balch.com

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

ATTORNEYS FOR DEFENDANT
MIDLAND CREDIT MANAGEMENT,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by U. S. Mail, properly addressed and postage prepaid, on this the 29th day of August, 2014:

>Clifford Carlson
>Clifford Carlson Law, P.C.
>4501 Russell Parkway, Suite 24
>Warner Robins, GA 31088

>/s/ Matthew B. Ames
>Matthew B. Ames
>Georgia Bar No. 015898