# Exhibit A

MAGISTRATE COURT OF ____PEACH____ COUNTY, GEORGIA

Date Filed July 22, 2014                     Case No: 14-785CS

AMY PARTON (See Attached)

STATEMENT OF CLAIM

**Filed in the Magistrate Court of Peach County**

**JUL 22 2014**

700 Spruce St. Wing A
Fort Valley, GA 31030

Plaintiff(s) Name, Address

vs. MIDLAND CREDIT MANAGEMENT, INC.

Defendant(s) Name, Address

[ ] Suit on Note   [ ] Suit on Account   [X] Other _____

1. The Court has jurisdiction over the defendant(s) [ ] the Defendant(s) is a resident of _____ County; [X] Other (please specify)

   See Attached Complaint

2. Plaintiff(s) claims the Defendant(s) is indebted to the Plaintiff(s) as follows (You must include a brief statement giving reasonable notice of the basis for each claim contained in the Statement of Claim):

   See Attached Complaint

3. That said claim is in the amount of $ 15,000 _____, principal $ _____ interest, plus _____ costs to date, and all future costs of this suit.

State of Georgia, __PEACH__ County:

Clifford Carlson _____ being duly sworn on oath says the foregoing is a just and true statement the amount owing by defendant(s) to plaintiff(s), exclusive of all set-offs and just grounds of defense.

Sworn and subscribed before me this

22th day of July

[Signature] Patricia Carlson, Notary Public, Commission Expires APR 8 2017

Notary Public/Attesting Official

[Signature] Clifford Carlson
Plaintiff(s) or Agent
(If Agent, Title or Capacity) Attorney

478-254-1018
Day Time Phone Number

**NOTICE AND SUMMONS**

TO: All Defendant(s) You are hereby notified that the above named Plaintiff(s) has/have made a claim and is requesting judgment against you in the sum shown by the foregoing statement. YOU ARE REQUIRED TO FILE or PRESENT AN ANSWER (answer forms can be obtained for the above listed web-site or clerk's office) TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER, *JUDGMENT BY DEFAULT* WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE OR CLERK. If you choose to file your answer orally, it MUST BE IN OPEN COURT IN PERSON and within the 30 day period. NO TELEPHONE ANSWERS ARE PERMITTED. The court will hold a hearing on this claim at the Peach County Magistrate Court- 700 Spruce St. Wing A, Ft. Valley, Ga. 31030 _____, at a time to be scheduled after your answer is filed. You may come to court with or without an attorney. If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them to court at the time of your hearing. If you want witnesses or documents subpoenaed, see a staff person in the Clerk's office for assistance. If you have a claim against the Plaintiff(s), you should notify the court by immediately filing a written answer and counterclaim. If you admit to the Plaintiff(s)' claim but need additional time to pay, you must come to the hearing in person and tell the court your financial circumstances. Your answer must be RECEIVED by the clerk within 30 days of the date of service. If you are uncertain whether your answer will timely arrive by mail, file your answer in person at the clerk's office during normal business hours.

This 22nd day of July, 2014    [Signature] Denise McLendon
                                Magistrate or Deputy Clerk of Court

MAG 10-01 STATEMENT OF CLAIM .DOC

Filed in the Magistrate Court
of Peach County

JUL 22 2014

700 Spruce St Wing A
Fort Valley, GA 31030

IN THE MAGISTRATE COURT OF PEACH COUNTY

STATE OF GEORGIA

| | |
|---|---|
| AMY PARTON, | : |
|     Plaintiff, | : |
| vs. | : Case No.: 14-785CS |
| MIDLAND CREDIT MANAGEMENT, INC. | : |
|     Defendant. | : |

## Complaint

Plaintiff Amy Parton, brings this action based on Defendant Midland Credit Management, Inc's tortious debt collection practices. Plaintiff shows:

### Parties, Jurisdiction, and Venue

1.

Defendant Midland Credit Management, Inc. (hereinafter "Midland") is a California for profit corporation, registered with the Georgia Secretary of State as a foreign corporation.

2.

Defendant Midlands's registered agent is Corporation Service Company, who may be served with process at 40 Technology Parkway South #300, Norcross, Georgia 30092.

3.

Defendant Midland operates an internet website, www.midlandcreditonline.com. This site allows users to access account information specific to a resident of Georgia, which includes financial and personal information, "pay online," and otherwise engage in the exchange of information between the website and the user's computer. Thus, Defendant Midland has sufficient minimum contacts with the State of Georgia giving rise to personal jurisdiction. By actively engaging in

1

the exchange of information with a user in Georgia and where she resides, Defendant Midland reasonably should anticipate being subject to the jurisdiction of a Georgia court. Further, this Court's assertion of personal jurisdiction here does not offend the traditional notions of substantial justice and fair play.

4.

Because the tortious acts in this case are directed at a resident of Peach County and because Plaintiff Amy Parton (hereinafter "Parton") has been injured in Peach County, pursuant to O.C.G.A. § 9-10-91 and O.C.G.A. §9-10-93 personal jurisdiction and venue is proper in Peach County.

5.

These claims are for less than the jurisdictional limits of this Honorable Court.

6.

As such, both venue and jurisdiction is proper.

7.

Plaintiff Parton is a consumer as defined by O.C.G.A. §10-1-392(6).

8.

Defendant Midland holds itself out to be a "debt collector" as that term is envisioned by the Fair Debt Collection Practices Act.

## Legal Claims

### Count One – Fair Business Practices Act

9.

Plaintiff Parton re-alleges, and by this reference here incorporates, all her averments and allegations set out or described herein above.

10.

Defendant is subject to the Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq*, (herein the 'FBPA') for acts and omissions pertaining to its attempts relating to collection of an alleged deficiency balance under an alleged contract.

11.

Reliance is not an element of a consumer's claim under the FBPA for Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (hereafter 'FDCPA'), violations because:

(a) false, deceptive, and unfair or unconscionable means used in the collection of consumer debt harms the general consumer market place as a matter of law; and,

(b) the General Assembly did not intend for common law fraud principles to apply to claims brought under the FBPA; and,

12.

By and through the adoption of the FDCPA into the FBPA, creditors in Georgia are made subject to the rules otherwise applicable in the FDCPA only to debt collectors.

13.

Defendant's violations of the FBPA include, but are not limited to:

(a) sending the consumer communications that are "deceptive" pursuant to O.C.G.A. § 10-1-393 *et seq*, in that aforesaid communications create confusion as to who the creditor is; and,

(b) such other and further violations as the evidence may demonstrate during the course of discovery and trial of this case.

14.

Defendant's violations were deliberate and intentional; or in reckless disregard of defendant's rights; or negligent; and harmed the general consumer market place.

15.

For these violations of the FBPA, Plaintiff Parton is entitled to her actual damages pursuant to O.C.G.A. § 10-1-399(a).

16.

3

To the full extent that these violations were intentional, Plaintiff Parton is entitled to exemplary damages in the amount of three times her actual damages pursuant to OCGA 10-1-399(a) and (c).

17.

Plaintiff Parton is further entitled to her attorneys fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Midland

### Count Two – Fair Debt Collection Practices Act

18.

Plaintiff Parton re-alleges, and by this reference here incorporates, all her averments and allegations set out or described herein above.

19.

As set forth below, Defendant Midland has willfully violated the FDCPA.

20.

Defendant Midland attempted to collect amount not authorized by the agreement creating the debt permitted by law, which is prohibited under 15 U.S.C. §1692f(1).

21.

Defendant Midland failed to send the consumer a validation notice within five days of the initial communication as required under 15 U.S.C. §1692g.

22.

Defendant Midland used false, deceptive, and misleading representation or means in connection with the debt collection, which is prohibited under 15 U.S.C. §1692e(10). In support thereof, Parton shows that Defendant sent communication that is prima facie evidence of deception.

23.

Defendant Midland used unfair or unconscionable means to collect or attempt to collect the alleged debt, which is prohibited by 15 U.S.C. §1692f. In support thereof,

Parton shows the Defendant sent communication that is prima facie evidence of the unfair and unconscionable attempt to collect the alleged debt.

24.

Pursuant to federal law, Plaintiff Parton is entitled to receive money damages in the amount of $1,000.00 for Defendant Midland's repeated violations of the FDCPA.

### Count Three: Unfair or Deceptive Practices Toward the Elderly

25.

Plaintiff Parton re-alleges, and by this reference here incorporates, all her averments and allegations set out or described herein above.

26.

By engaging the actions and failures to act set forth *supra*, in violation of the FBPA and FDCPA, Midland also violated the Unfair or Deceptive Practices Toward the Elderly and Disabled Act ("UDPTEA") as stated in O.C.G.A. § 10-1-851.

27.

And, as a result of those actions and inactions, Plaintiff Parton is entitled to her actual damages, additional civil penalties up to $10,000 per *each* violation, to punitive damages under O.C.G.A. § 10-1-851, and to reasonable attorneys fees pursuant to O.C.G.A. § 10-1-853.

### Count Four: Intentional Infliction of Emotional Distress

28.

Plaintiff Parton re-alleges, and by this reference here incorporates, all her averments and allegations set out or described herein above.

29.

Defendant Midland's conduct was intentional or reckless, it was extreme and outrageous, it directly caused Parton emotional distress, and that distress was severe.

### Count Five: Attorneys Fees

30.

Plaintiff Parton re-alleges, and by this reference here incorporates, all her averments and allegations set out or described herein above.

31.

Because of the Defendant's malfeasance and egregious behavior, Parton was forced to engage the services of the below-signed attorney to protect her legal rights. Pursuant to the FDCPA and the UDPTEA, Parton is entitled to an award of reasonable attorney's fees in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Amy Parton seeks:

A) That this Court grant her claims process of law; and,

B) That this Court grant monetary damages, including but not limited to, actual, exemplary, punitive, and statutory damages and civil penalties as alleged in each and every count, above; and,

D) That this Court tax all Court costs to the Defendant; and,

E) That this Court award the Plaintiff attorney's fees; and,

F) Such other and further legal relief as the court may deem appropriate under all the circumstances of this case.

Dated July 22, 2014.

*Clifford Carlson*
Clifford Carlson,
Ga. Bar No.: 227503

Cliff Carlson Law, P.C.
4501 Russell Parkway, Suite 24
Warner Robins, GA 31088
478.254.1018 (Tel.)
cc@cliffcarlsonlaw.com (Email)