IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AMY PARTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. |
| ) | 5:14-cv-00314-MTT |
| MIDLAND CREDIT ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF MIDLAND CREDIT MANAGEMENT, INC.

COMES NOW, Defendant Midland Credit Management, Inc., and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint in the above-referenced action, as follows:

## AFFIRMATIVE DEFENSES

Because discovery has not yet commenced, Defendant is not yet aware of all of the facts and circumstances giving rise to the claims set forth in the Complaint. Accordingly, the following defenses, as well as those set forth in O.C.G.A. 9-11-8(c), are raised so as not to be waived as a matter of law. These defenses will be relied upon to the extent the facts developed show that they apply.

199196.4

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to some or all of Plaintiff's claims.

### SECOND DEFENSE

Defendant pleads the doctrine of setoff.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because of Plaintiff's failure to mitigate its damages, if any.

### FOURTH DEFENSE

Plaintiff's Complaint fails to state sufficient facts under any theory or cause of action which would justify the imposition of attorney's fees under any applicable law.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because of Plaintiff's unclean hands.

### SIXTH DEFENSE

Plaintiff's claims may be barred in whole or in part, by the doctrines of waiver, laches and/or estoppel.

## SEVENTH DEFENSE

Plaintiff has not suffered actual damage.

## EIGHTH DEFENSE

Plaintiff is responsible, in whole or in part, for any injuries allegedly suffered as a result of their contributory negligence, comparative negligence, or assumption of risk.

## NINTH DEFENSE

Defendant did not commit any act or omission constituting an actionable violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq.*, or Unfair or Deceptive Practices Toward the Elderly Act ("UDPTEA"), O.C.G.A. § 10-1-891 *et seq.*

## TENTH DEFENSE

Any act of omission by Defendant, if determined to be in violation of the FDCPA, FBPA, or UDPTEA was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  Accordingly, Defendant has no liability to Plaintiff pursuant to 15 U.S.C. § 1692k(c).

## ELEVENTH DEFENSE

Defendant is not a "debt collector" as that term is defined by the FDCPA for non-consumer debt.

## TWELTFH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.  *See* 15 U.S.C. § 1692k(d).

## THIRTEENTH DEFENSE

Plaintiff's claims are barred due to their failure to assert them as a compulsory counterclaim in a related proceeding between these parties.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

Responding specifically to the allegations of the Complaint, Defendant shows as follows:

## JURISDICTION AND VENUE

1. Defendant admits that it is registered with the Georgia Secretary of State as a foreign corporation. Defendant denies the remaining allegations of Paragraph 1 of the Complaint.

2. Defendant admits that its registered agent is properly identified.

3. Denied as stated. Defendant states that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, venue is proper in the United States District Court for the Middle District of Georgia, Macon Division.

4. Denied. Defendant states that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, the United States District Court for the Middle District of Georgia, Macon Division, has subject matter jurisdiction of this matter.

5. Admitted.

6. Denied.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

8. Defendant states that Paragraph 8 of the Complaint calls for a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

## COUNT ONE – FAIR BUSINESS PRACTICES ACT

9. No response is required to the incorporation of preceding paragraphs.

10. This is a conclusion of law to which no response is required. To the extent it requires an answer, it is denied. Further, Defendant denies any acts or omissions in violation of Georgia or federal law.

11. This is a conclusion of law to which no response is required. To the extent it requires an answer, it is denied.

12. This is a conclusion of law to which no response is required. To the extent it requires an answer, it is denied.

13. This is a conclusion of law to which no response is required. To the extent it requires an answer, it is denied. Further, Defendant denies any acts or omissions in violation of Georgia or federal law. Defendant admits the existence of a debt owed by Plaintiff.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COUNT TWO : FAIR DEBT COLLECTION PRACTICES ACT

18. No response is required to the incorporation of preceding paragraphs.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. This is a conclusion of law to which no response is required. To the extent it requires an answer, it is denied.

24. This is a conclusion of law to which no response is required. To the extent it requires an answer, it is denied.

### COUNT THREE: UNFAIR OR DECEPTINC PRACTICES TOWARD THE ELDERLY

25. No response is required to the incorporation of preceding paragraphs.

26. This is a conclusion of law to which no response is required. To the extent it requires an answer, it is denied.

27. This is a conclusion of law to which no response is required. To the extent it requires an answer, it is denied.

### COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. No response is required to the incorporation of preceding paragraphs.

29. This is a conclusion of law to which no response is required. To the extent it requires an answer, it is denied.

### COUNT FIVE: ATTORNEYS FEES

30. No response is required to the incorporation of preceding paragraphs.

31. This is a conclusion of law to which no response is required. To the extent it requires an answer, it is denied.

## **GENERAL DENIALS**

Defendant hereby denies any and all allegations set forth in Plaintiff's Complaint not specifically responded to above, including, but not limited to, any and all allegations set forth in the unnumbered paragraphs (A)-(F) under "PRAYER FOR RELIEF".

WHEREFORE, having answered and responded to the Plaintiff's Complaint, Defendant prays that the Court:

1. Dismiss with prejudice the Plaintiff's Complaint in its entirety;

2. Deny each and every prayer for relief in the Plaintiff's Complaint;

3. Enter judgment in favor of the Defendant;

4. Award to Defendant and against Plaintiff all costs, including reasonable attorneys' fees and appropriate civil penalties due to frivolous litigation, pursuant to applicable laws in asserting claims without substantial justification; and

5. Award to Defendant such other relief as this Court may deem just and proper.

[SIGNATURE ON FOLLOWING PAGE]

This 29th day of August, 2014.

                                          s/Matthew B. Ames
                                          Matthew B. Ames
Georgia Bar No. 015898
Joshua M. Moore
Georgia Bar No. 520030

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656
mames@balch.com
jmmoore@balch.com

ATTORNEYS FOR DEFENDANT
MIDLAND CREDIT MANAGEMENT,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **ANSWER OF DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.** has been served through the Clerk using the CM/ECF system which will automatically send e-mail notification of such filing, to the following attorneys of record this the 29th day of August, 2014:

>Clifford Carlson
>Clifford Carlson Law, P.C.
>4501 Russell Parkway, Suite 24
>Warner Robins, GA 31088

>s/Matthew B. Ames
>Matthew B. Ames
>Georgia Bar No. 015898